*NORTH AMERICAN OIL & GAS CO. v. J. P. DRUMM.

**Provision in Lease for Payment of Rental in Event of Failure to Sink Well Within Prescribed Time, not Contract to Pay Rental but Option to Extend Lease.**

A provision in a lease of gas and oil lands, that the lease shall become void in the event of failure to sink a well within a prescribed time, unless a stipulated rental is paid "annually thereafter until said first well is completed," does not constitute a contract on the part of the lessee to pay the rental, but is a mere option to extend the lease by payment of cash rental if he so desires, and an action for recovery of rentals under such a lease will not lie.

[Syllabus by the court]

ERROR to common pleas court.

*Fitzgibbon & Montgomery*, for plaintiff in error.

*J. M. Swartz*, for defendant in error:

Cited and commented upon by the following authorities: 18 Am. & Eng. Enc. Law (2 ed.) 270; Bryans, Law of Petroleum & Nat. Gas p. 92; *Evans* v. *Gas & Tr. Co.* 29 N. E. Rep. 398 [Ind.; 31 L. R. A. 673]; *Lynch* v. *Fuel Gas Co.* 165 Pa. St. 518 [30 Atl. Rep. 984]; *Duffield* v. *Michaels*, 102 Fed. Rep. 820 [42 C. C. A. 649]; *Young* v. *Ellis*, 91 Va. 297 [21 S. E. Rep. 480]; *Gillespie* v. *Oil & Gas Co.* 236 Ill. 188 [86 N. E. Rep.

*Reversing, Drumm v. Oil & Gas Co. 23 Dec. 746 (13 N. S. 453).

219] ; *Rhoads* v. *Gas & Oil Co.* 80 Kan. 762 [104 Pac. Rep. 851] ; *Woodland Oil Co.* v. *Crawford,* 55 Ohio St. 161 [44 N. E. Rep. 1093; 34 L. R. A. 62] ; *Noble* v. *Tyler,* 61 Ohio St. 432 [56 N. E. Rep. 191; 48 L. R. A. 735] ; *Gas Co.* v. *Eckert,* 70 Ohio St. 127 [71 N. E. Rep. 281] ; *Vendocia Oil & Gas Co.* v. *Robinson,* 71 Ohio St. 302 [73 N. E. Rep. 222; 104 Am. St. Rep. 773; 2 Ann. Cas. 444] ; *Blodgett* v. *Zinc Co.* 120 Fed. Rep. 893 [58 C. C. A. 79] ; *Roberts* v. *Bettman,* 45 W. Va. 143 [30 S. E. Rep. 95] ; *Wills* v. *Gas Co.* 130 Pa. St. 222 [18 Atl. Rep. 721; 5 L. R. A. 603] ; *Ward* v. *Gas & Oil Co.* 131 Ky. 711 [115 S. W. Rep. 819] ; *Bettman* v. *Shadle,* 22 Ind. App. 542 [53 N. E. Rep. 662].

## PER CURIAM.

This was an action in the court below in which the defendant in error, J. P. Drumm, sought to recover from the plaintiff in error certain gas rentals upon a lease given by him to the said plaintiff in error, on March 17, 1908.

The petition was filed in April, 1911. The lease sued on contained this condition: "Provided a well is not completed on said premises within one year from date hereof, unavoidable accidents or delays excepted. then this grant shall become null and void, unless party of the second part (being the plaintiff in error) shall pay, or cause to be paid, to the party of the first part at the rate of one dollar per acre annually thereafter until said first well is completed."

It is upon this provision of the lease that plaintiff seeks to recover the rentals due upon said land for the second year after the termination of such lease, provided the same would be terminated except for the payment of such rentals as provided therein. It is alleged that this lease would continue for one year from the date of its execution, within which time defendant below was to complete a gas well, and if not completed, then the provision above quoted was to operate and take effect.

The defendant below (plaintiff in error) paid the agreed rentals or forfeit for one year from March 17, 1909, to March 17, 1910; and it is for rentals claimed to have accrued from March 17, 1910, to March 17, 1911, that this action is brought.

The liability of the defendant below, or the plaintiff in error, depends upon the construction to be given to the provision

Oil & Gas Co. v. Drumm.

of the lease above quoted. Does such provision constitute a contract on the part of plaintiff in error to pay such rentals, and thereby extend the life of the lease, if it is so desired?

We are of the opinion that the language of this lease does not constitute an agreement on the part of the defendant below to pay rentals; that it grants an option to such defendant to extend the life of the lease by paying the stipulated amount, but that it does not constitute an agreement on its part that it will pay such amount as rentals whether it desires to have such lease extended or not.

It was held by the circuit court of this county in the case of *Knowlton* v. *Logan Nat. Gas & Fuel Co.*, not reported, upon a lease containing a provision very similar to the provision in the lease under review, that the option was with the second party to continue the life of the lease by making such payment, and, in effect, that it was only a privilege reserved to it to extend such lease, and not an obligation assumed by it to pay rental that could be enforced in a suit for that purpose.

We think the proper construction to be given this lease does not sustain the judgment of the court below, and that the same should be reversed because of being against the weight of the evidence, and because of insufficient evidence to sustain the same.

The judgment of the court of common pleas will be reversed, and the case remanded to that court for further proceedings according to law.